UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

CIVIL ACTION NO. 04-18-HRW

HOUSTON WILSON, JR.,                                                    PLAINTIFF,

V.            **MEMORANDUM OPINION & ORDER**

ELLIOT COUNTY, KENTUCKY, et al.,                           DEFENDANTS.

This matter is before the Court upon the Defendants' Motion for Summary Judgment [Docket No. 16]. The motion has been fully briefed by the parties and carefully considered by the Court. For the reasons which follow, the Court finds that the Defendants are entitled to judgment as a matter of law.

I.    FACTS

This case involves a roadway which crosses a tract of land owned by the Plaintiff. Plaintiff acquired the property in October of 1995. Plaintiff alleges that in early March of 2000, the Defendants entered upon his land for the purpose of establishing a county road and that, in doing so, altered the contours of his property, cut down timber and destroyed his personal property. Plaintiff maintains that as no county road runs through his property, Defendants' acts were unlawful.

Defendants maintain that there was, indeed, at the time in question, a county road which crossed Plaintiff's property and that the road had been deeded to Elliot County in 1982. Defendants further state that Defendant Charles Pennington, in his capacity as Judge Executive, was charged with the maintenance of county roads and that in March of 2000, he received several complaints that trees had been cut down and left strewn across the road. In response to the complaints, he saw to it that the road was cleared to permit travel, merely moving trees which had already been cut. Defendant Pennington further admits that, pursuant to additional complaints, he directed Defendant Ishmel Fannin, the Elliot County Road Foreman, to remove a locked gate which Plaintiff had placed across the road.

In October of 2000, Defendants filed criminal charges against Plaintiff for placing a locked gate across the road, thereby obstructing a public passage in violation of KRS 525.140. *See, Commonwealth of Kentucky v. Wilson*, Elliot District Court, Case No. 00—00209. The following February, Plaintiff filed a declaratory judgment action in Elliot Circuit Court seeking a determination of his rights as to the subject road and injunctive relief. *See, Wilson v. Commonwealth of Kentucky, Elliot County*, Elliot Circuit Court, Civil Action No. 01-CI-00005.

On September 2, 2003, Special Judge William B. Mains entered Findings of Fact, Judgment and Orders which provided, *inter alia*, that "no county road runs

across the Plaintiff's property" and that the "Plaintiff is free to enjoy his property as he desires." Following Judge Mains' decision, the criminal charges against Plaintiff were voluntarily dismissed.

On February 4, 2004, Plaintiff filed the instant action against Elliot County Kentucky, Charles Pennington, in his capacity as Elliot County Judge-Executive, Charles Pennington, individually, Ishmel Fannin, in his capacity as Elliot County Road Foreman and Ishmel Fannin, individually, seeking compensatory and punitive damages for the acts alleged above. Specifically, in his Complaint [Docket No. 1], Plaintiff alleged violation of his 4th Amendment right against unreasonable search and seizure, violation of his 5th Amendment right against government taking of property without due process of law and without just compensation, violation of his 14th Amendment right against state deprivation of property without due process of law, and violation of his civil rights pursuant to 42 U.S.C. § 1983. In addition to the causes of action under federal law, Plaintiff pled violation of his rights under the Kentucky Constitution and malicious prosecution.

Defendants now seek summary judgment as to all claims brought against them.

## II. SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure the Court must view the evidence in the light most favorable to the nonmoving party, in this case the Plaintiff.

Thus, when examining the record the Court will resolve doubts and construe inferences in favor of the Plaintiff in an effort to determine if any genuine issues of material fact exist. However, in a series of decisions commonly referred to as the "trilogy", *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986), the U.S. Supreme Court emphasized that "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. at 252. In short, the "trilogy" requires the nonmoving party to produce specific factual evidence that a genuine issue of material fact exists.

The United States Court of Appeals for the Sixth Circuit has interpreted the "trilogy" to mean that the nonmoving party must produce enough evidence, after having had a reasonable opportunity to conduct discovery, so as to withstand a directed verdict motion. *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1477 (6th Cir. 1989). As that Court stated, "the movant could challenge the opposing party to 'put up or shut up' on a critical issue...[and] if the respondent did not 'put up', summary judgment [is] proper." *Id.* at 1478.

### III. ANALYSIS

Defendants argue that they are immune from suit by virtue of the doctrines

4

sovereign immunity and qualified immunity. The Court agrees.

The claims against Defendant Elliot County are barred by sovereign immunity. It is well established that "county governments are cloaked with sovereign immunity." *See e.g., Schwindel v. Mead County, et al.*, 113 S.W.3d 159, 163 (Ky. 2003). Similarly, the claims against Defendants Fannin and Pennington in their official capacity are equally untenable as "each is cloaked with the same immunity as the government or agency he represents." *Id.* at 169.

With regard to the claims against Defendants Fannin and Pennington in their individual capacities, they, too may not be maintained as they are barred by qualified immunity. "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

In this case, there appears to be no dispute that Defendants Fannin and Pennington were performing discretionary functions as Elliot County Road Foreman and Elliot County Judge Executive, respectively. As for the remaining analysis under *Harlow* and its progeny, "[t]he relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*,

533 U.S. 194, 202 (2001). It is the Plaintiff who bears the burden of proving the existence of a clearly established constitutional right. *Rich v. City of Mayfield Heights*, 955 F.2d 1092, 1095 (6th Cir. 1992).

In this case, Plaintiff has not carried his burden. To the contrary, the Court finds that the Defendants had credible, good faith reasons to believe that the road in question did, indeed, belong to the county and that, thus, they were charged with the maintenance of the same, which would necessarily include removing trees and other obstacles. The record is replete with evidence which supports the Defendants' belief that the road was part of the Elliot County road system and not, as Plaintiff argues, a private roadway. For example, Defendant Pennington testified that when he became a county magistrate in 1982, the then owner of the tract in question, Mr. Fraley, approached him and expressed his desire to give the road to the County. Defendant Pennington testified that he presented the deed to the Fiscal Court which approved of the acquisition. Defendant Pennington further explained that in 1988, as part of a new mapping of Elliot County, the road was officially put on the map. He admitted that he directed the removal of the cut trees and the locked gate as it was his responsibility to oversee the maintenance of roads within the county road system. Defendant Pennington also testified that it was his belief that the road was a county road until Judge Main's September 2, 2003 order.

Defendant Fannin testified that the county maintained the roadway during his tenure as road foreman. He also testified that after Plaintiff filed his Petition for Declaration of Rights, he was instructed not to do any work on the road.

Further, it appears that the Defendants were not alone in their belief that the road was the county's. The Defendants submitted the affidavit of Harve Smith, who was, during the relevant time, a mail carrier for the United States Postal Service. Mr. Smith testified that he traveled the subject road on numerous occasions in his capacity as a mail carrier and that it was his understanding that it was part of the county road system. Mr. Smith further testified that on one occasion while traveling the road, he had to stop his truck and remove a tree which had, apparently, been cut and was blocking the road. He stated that the Plaintiff was sitting at the side of the road with a chainsaw and that he told Mr. Smith that "when he was done" no one would be able to "come through there." Mr. Smith then alerted Defendant Pennington that Plaintiff had cut trees across the road.

In addition, the Defendant submitted the affidavit of Ronnie Stephens, who was a Deputy Sheriff with the Elliot Count Sheriff's Department from 1992 to 1999. Mr. Stephens testified that during his tenure as Deputy Sheriff, he had traveled the subject road on several occasions and was of the belief that it was part of the county road system.

7

In response to this evidence, Plaintiff makes emphatic arguments but fails to produce evidence supporting his belief that the Defendants acted in bad faith. Defendants point out that although Plaintiff attached his affidavit in his response to the instant motion claiming that he had provided documents and records to them which "conclusively establish" that no county road existed on his property prior to March 2000, no such documents or records have been produced. Nor does the record in this case contain any such "conclusive" evidence. At most, a clearly established right did not exist until after Judge Mains' September 2, 2003 order. Yet, Plaintiff has not alleged a violation of his rights or damage to his property following that date. Plaintiff's bald allegation of an intentional or knowing violation of a clearly established right, absent any supporting evidence, is not enough.

Nor has Plaintiff carried his burden in opposing the Defendants' dispositive motion. Although he makes reference to "numerous factual issues", Plaintiff neglects to specifically identify those issues and, further, argue how they resolve the matter in his favor. In sum, Plaintiff has not properly refuted the facts presented in Defendant's motion, much less produced enough evidence so as to withstand a directed verdict motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). As such, summary judgment is appropriate.

8

Accordingly, **IT IS ORDERED AND ADJUDGED** that Defendants' Motion for Summary Judgment be **SUSTAINED**. **IT IS FURTHER ORDERED** that the Court will not retain jurisdiction over the remaining state law claims and they are hereby **DISMISSED WITHOUT PREJUDICE**. A judgment in favor of the Defendants will be entered contemporaneously herewith.

This __3__ day of June, 2005.

_____
Henry R. Wilhoit, Jr., Senior Judge